```
Priority  ✓
Send      ___
Enter     ___
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___
```



ORIGINAL

FILED
CLERK, U.S. DISTRICT COURT

MAR - 8 2004

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SCANNED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WENDLIN RAE RINGEL, D.V.M.,

    Plaintiffs,

v.

COUNTY OF RIVERSIDE, et al.,

    Defendants.

Case No. CV 04-1363-DSF(VBKx)

STANDING ORDER
FOR CASES ASSIGNED TO
JUDGE DALE S. FISCHER

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.** COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE ACTION. IF THIS CASE CAME TO THE COURT BY NOTICED REMOVAL, DEFENDANT SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge Dale S. Fischer.

Both the Court and counsel bear responsibility for the progress of litigation in federal court. To "secure the just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, all counsel are ordered to become familiar with the Federal

revised 1/20/04



DOCKETED ON CM

MAR 9 2004

BY _____ 006

Rules of Civil Procedure ("Rule __") and the Local Rules of the Central District of California ("Local Rule __").*

IT IS ORDERED:

1. **Service of the Complaint**

The plaintiff shall promptly serve the complaint in accordance with Rule 4 and file the proofs of service pursuant to Local Rule 5-3.1.

2. **Presence of Lead Counsel**

Lead trial counsel shall attend any proceeding before this Court, including all status and settlement conferences. Unless lead counsel's absence is excused for good cause in advance of the hearing, or is due to an emergency that prevented prior notice, the Court reserves the right to designate the attorney handling any proceeding as lead counsel.

3. **Rule 26(f)Meeting of Counsel**

Counsel for the parties shall meet personally pursuant to Rule 26(f) and applicable Local Rules in anticipation of the court-ordered scheduling conference. Fed. R. Civ. P. 16(b).

4. **Joint Report of Rule 26(f) Meeting**

No later than fifteen court days before the scheduling conference (to be set by the Court in a future order), counsel shall file a Joint Report of Rule 26(f) Meeting. A Joint Report that is not timely filed or does not conform with this Order,

---

*Copies of the Local Rules are available on our website at www.cacd.uscourts.gov or may be purchased from one of the following:

| | |
|---|---|
| Los Angeles Daily Journal<br>915 East 1st Street<br>Los Angeles, California 90012 | West Group<br>610 Opperman Drive<br>Post Office Box 64526<br>St. Paul, Minnesota 55164-0526 |

Metropolitan News
210 South Spring Street
Los Angeles, California 90012

revised 1/20/04                                        2

Rule 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in Rule 26(f) (some of which are enumerated below), and shall also contain the following:

    a. A brief statement (not to exceed two pages) of the main claims, counterclaims, and defenses;

    b. The basis for the Court's subject-matter jurisdiction;

    c. A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues;

    d. A list of parties, percipient witnesses and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates;

    e. The realistic range of provable damages, and whether there is insurance coverage;

    f. The likelihood of motions to add parties, amend pleadings, transfer venue, etc.;

    g. Whether all or part of the procedures of the Manual for Complex Litigation should be utilized;

    h. A discussion of the present state of discovery, including a summary of completed discovery;

    i. A detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery;

    j. A proposed discovery cut-off date (including proposed expert disclosure and expert discovery cut-off dates). *N.B.* This means the final day for <u>completion of discovery</u>, including resolution of all discovery motions;

k. A list of motions (other than discovery motions) contemplated, and a proposed motion cut-off date. *N.B.* This means the last date for motions to be heard, not filed;

l. Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications;

m. Whether the trial will be a court or jury trial, and a realistic estimated length of trial. Each party should indicate the number of witnesses expected to be called;

n. The name(s) of the attorney(s) who will try the case;

o. A description of any issues affecting the status or management of the case (such as complicated technical or technological issues, disputes over protective orders, discovery in foreign jurisdictions) and any proposals concerning severance, bifurcation, or other ordering of proof;

p. Whether this is a case where the Court should consider appointing an independent scientific expert; and

q. Prospects of counsel exercising their right, under 28 U.S.C. § 636, to consent to the designation of a magistrate judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 194-G."

**5. Mandatory Settlement Procedure**

In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the scheduling conference. Available alternatives for consideration, not to the exclusion of others, include:

a. A settlement conference before a magistrate judge;

---

"Counsel should note that they may select from among the panel of available magistrate judges, i.e., counsel are not limited to consenting to the magistrate judge assigned to this case, provided all parties concur. Counsel should note that the magistrate judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial.

revised 1/20/04                 4

     b. A settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from www.cacd.uscourts.gov > Attorney Information > ADR);

     c. The employment by the parties of a private judge, mediator or arbitrator; or

     d. A settlement conference before a district judge selected at random from the Civil Settlement Panel.

**6. Discovery and Discovery Cut-off**

     a. <u>Compliance with Rule 26(a)</u>: Unless it is likely that the Court would, on motion of a party, order that any or all discovery is premature, counsel should begin actively to conduct discovery before the scheduling conference. At the very least, the parties shall comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of what would otherwise be produced in the early stages of discovery. At the scheduling conference the Court will impose tight deadlines for completion of discovery.

     b. <u>Discovery motions</u>: Counsel are expected to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. All discovery matters have been referred to the assigned magistrate judge, who will hear all discovery disputes. (The magistrate judge's initials follow the district judge's initials next to the case number.) All discovery documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing. Counsel are directed to contact the magistrate judge's courtroom deputy clerk to schedule matters for hearing. Counsel should not deliver courtesy copies of these documents to this Court.

     In accordance with 28 U.S.C. § 636(b)(1)(A), the Court will not reverse any order of the magistrate judge, including one imposing sanctions, unless it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten days of service of a written ruling or within ten days of an oral ruling that the magistrate judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the magistrate judge's courtroom deputy clerk at the time of filing.

c. <u>Non-Expert Discovery</u>: All discovery shall be completed by the discovery cut-off set by the Court. This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed. Any motion challenging the adequacy of discovery responses must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

d. <u>Non-Expert Depositions</u>: All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date. Given the requirements to "meet and confer," and notice requirements, in most cases a planned motion to compel must be discussed with opposing counsel approximately six weeks before the cut-off.

e. <u>Written Discovery</u>: All interrogatories, requests for production of documents, and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

f. <u>Expert Discovery</u>: The parties shall meet and confer and agree on expert disclosure dates as required by Rule 26 (a)(2). All disclosures must be made in writing. The parties should begin expert discovery shortly after the initial designation of experts. The final pretrial conference and trial dates will not be

continued merely because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

### 7. Motions - General Requirements

a. <u>Time for Filing and Hearing Motions</u>: Motions shall be filed in accordance with Local Rule 7. This Court hears motions on Mondays, beginning at 1:30 p.m. If Monday is a national holiday, motions will be heard on the next Monday. If a motion date is not available, the Court will issue a minute order continuing the date. Opposition or reply papers due on a holiday must be filed the preceding Friday - not the following Tuesday, and must be hand-delivered or faxed to opposing counsel on that Friday. Moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Friday preceding a holiday, as such a filing is likely to cause a requested continuance to be granted.

Adherence to the timing requirements is mandatory for Chambers' preparation of motion matters.

b. <u>Pre-filing Requirement</u>: Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference.

c. <u>Length and Format of Motion Papers</u>: Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be in a separately bound and tabbed pleading and include a Table of Contents.

If such evidence exceeds 200 pages, the Court's courtesy copy of such evidence shall be placed in a Slant D-Ring binder, including a Table of Contents, with each item of evidence separated by a tab divider on the right side. All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

**Typeface shall comply with Local Rule 11-3.1.1.** *N.B.* **If Times New Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.

Filings that do not conform to the Local Rules and this Order will not be considered.

d. <u>Citations to Case Law</u>: Citations to case law must identify not only the case being cited, but the specific page being referenced.

e. <u>Citations to Other Sources</u>: Statutory references should identify with specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants the district courts jurisdiction over all offenses of the Submarine Cable Act, whether the infraction occurred within the territorial waters of the United States or on board a vessel of the United States outside said waters). Statutory references that do not specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege conduct in violation of the Federal Electronic Communication Privacy Act, 18 U.S.C. § 2511, et seq.) are to be avoided. Citations to treatises, manuals, and other materials should similarly include the volume, section, and pages being referenced.

f. <u>Oral Argument</u>: If the Court deems a matter appropriate for decision without oral argument, the Court will notify the parties in advance.

g. <u>Calendar Conflicts</u>: Counsel are to inform opposing counsel and the courtroom deputy clerk as soon as a potential calendar conflict is discovered.

Counsel should attempt to agree on a proposed date to accommodate the calendar conflict and the schedules of the counsel and the Court.

h. <u>Telephone Inquiries</u>: Telephone inquiries regarding the status of a motion stipulation or proposed order will receive no response counsel may register for Pacer access to monitor the Court's database. *See* www.cacd.uscourts.gov > General Information > Pacer Access. Counsel are referred to the Court's website at www.cacd.uscourt.gov > Judges' Procedures and Schedules > Hon. Dale S. Fischer for further information regarding procedures and preferences.

## 8. Specific Motion Requirements

a. <u>Motions Pursuant to Rule 12</u>: Many motions to dismiss or to strike can be avoided if the parties confer in good faith (as required under Local Rule 7-3), especially for perceived defects in a complaint, answer or counterclaim that could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment). Moreover, a party has the right to amend the complaint "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). A Rule 12(b)(6) motion is not a responsive pleading and therefore plaintiff might have a right to amend. *See St. Michael's Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules provide that leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

These principles require that plaintiff's counsel should carefully evaluate defendant's contentions as to the deficiencies in the complaint. In many instances the moving party should agree to any amendment that would cure the defect.

In the unlikely event that motions under Rule 12 are filed after the scheduling conference, the moving party shall attach a copy of the challenged pleading to the memorandum of points and authorities in support of the motion.

These provisions apply as well to motions to dismiss a counterclaim, answer, or affirmative defense.

b. <u>Motions to Amend</u>: In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

c. <u>Motions for Summary Judgment:</u> Parties should not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. The Court expects that the moving party will provide substantially more than the required 21 days written notice. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the Court (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4.

1. <u>Separate Statement of Uncontroverted Facts and Conclusions of Law</u>: The separate statement shall be prepared in a two-column format. The left-hand column sets forth the allegedly undisputed fact. The right-hand column sets forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible. The moving papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence. The moving party should deliver to Chambers, at the time the reply is filed, a diskette

in Word Perfect format (compatible with 9.0 or higher), containing the separate statement of uncontroverted facts and conclusions of law.

      2. <u>Statement of Genuine Issues</u>: The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The left-hand column must restate the allegedly undisputed fact, and the right-hand column must state either that it is undisputed or disputed. The opposing party may dispute all or only a portion of the statement. If disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact. The Court will not wade through a document to determine whether a fact really is in dispute. To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe what in that exhibit or evidence refutes the asserted fact. No legal argument should be set forth in this document. The opposing papers should refer to the numbered paragraphs in the separate statement, rather than the underlying evidence

      3. <u>Reply</u>: The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement.

      4. <u>Supporting Evidence</u>: No party should submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements should not be submitted in support of or opposition to a motion for summary judgment. The Court will not consider such material.

Evidence submitted in support of or opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities. The Court will accept counsel's authentication of deposition transcripts, of written discovery responses and of the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

     5. <u>Objections to Evidence</u>: If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief. This memorandum should be organized to track the paragraph numbers of the separate statement and statement of genuine issues in numerical sequence. It should identify the specific item of evidence to which objection is made, and a brief argument with citation to authority as to why the objection is well taken. The following is the suggested format:

> <u>Separate Statement Paragraph 1</u>: Objection to the supporting deposition transcript of Jane Doe at 1:1-10 on the grounds that the statement constitutes inadmissable hearsay to which no exception applies. To the extent it is offered to prove her state of mind, it is irrelevant because her state of mind is not in issue. Fed. R. Evid. 801, 802.

revised 1/20/04         12

*N.B.* **Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact. They will be overruled and disregarded.**

*N.B.* **Pleadings that fail to comply with the above format may not be considered.**

### 9. Proposed Orders

Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a diskette in Word Perfect format (compatible with 9.0 or higher).

### 10. Telephonic Hearings

The Court may conduct status conferences by telephone if any party outside the district so requests, and all involved parties consent. The attorney requesting the telephonic hearing shall contact the courtroom deputy clerk, at least one week before the date scheduled for the motion or conference to make the necessary arrangements.

### 11. *Ex Parte* Applications

*Ex parte* applications are solely for extraordinary relief and are rarely justified. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Applications must be filed in the clerk's office. Applications that fail to conform to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered. In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall serve the opposing party by facsimile transmission or personal service and shall notify the opposition that opposing papers must be filed no later than twenty-four hours (or one court day) following such facsimile or personal service. If opposing counsel does not intend to oppose the *ex parte* application, counsel must advise the courtroom deputy clerk by telephone. A conformed courtesy copy of moving, opposition, or notice of

non-opposition papers are to be hand-delivered to the table outside the entrance to chambers. The Court considers *ex parte* applications on the papers and usually does not set these matters for hearing. The courtroom deputy clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary. Sanctions may be imposed for misuse of *ex parte* applications.

**12. Applications or Stipulations to Extend the Time to File any Required Document or to Continue Any Date**

No stipulations extending the time to file any required document or to continue any date are effective until and unless the Court approves them. Both applications and stipulations must set forth:

a. The existing due date or hearing date; the discovery cut-off date; the last day for hearing on motions; the pre-trial conference date and trial date;

b. Specific reasons supporting good cause for granting the extension or continuance. (A statement that an extension "will promote settlement" is insufficient. The requesting party or parties must indicate the status of ongoing settlement negotiations.);

c. Whether there have been prior requests for extensions, and whether these requests were granted or denied by the Court; and

d. A description of the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied.

The request must be made before the date to be continued and must include a detailed declaration of the grounds for the requested continuance or extension of time. The Court grants continuances only on a showing of good cause. Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties. Proposed stipulations extending scheduling dates do not become effective unless and until signed by the Court.

revised 1/20/04                                14

### 13. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Rule 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served. Such party may file opposing or responding papers in the interim.

### 14. Cases Removed From State Court

All documents filed in state court, including documents appended to the complaint, answers and motions, must be refiled in this Court as a supplement to the notice of removal, if not already included. *See* 28 U.S.C. § 1447(a) and (b). If the defendant has not yet answered or moved, the answer or responsive pleading filed in this Court must comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District. If, before the case was removed, a motion was pending in state court, it must be re-noticed in accordance with Local Rule 7.

If an action removed to this Court contains a "form pleading" *i.e.* a pleading in which boxes are checked, the party or parties that filed the form pleading must file an appropriate pleading with this Court within 30 days of receipt of the notice of removal. This pleading must comply with the requirements of Rules 7, 7.1, 8, 9, 10, and 11.

### 15. Status of Fictitiously Named Defendants

This Court adheres to the following procedures when a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. *See* 28 U.S.C. §§ 1441(a) and 1447.

    a. Plaintiff shall ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

    b. If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an *ex parte* application requesting permission to extend the period to effectuate service may be filed with the Court. The application shall state the reasons

therefore, and may be granted on a showing of good cause. The *ex parte* application shall be served on all appearing parties, and shall state that appearing parties may respond within seven days of the filing of the *ex parte* application.

  c. If a plaintiff wants to substitute a named defendant for one of the fictitiously named defendants, plaintiff shall first seek the consent of counsel for all defendants (and counsel for the fictitiously named party, if that party has separate counsel). If consent is withheld or denied, plaintiff may apply *ex parte* requesting an amendment, with notice to all appearing parties. Each party shall have seven calendar days to respond. The *ex parte* application and any response should comment on whether the matter should thereafter be remanded to the superior court if diversity of citizenship is destroyed by the addition of the newly substituted party. *See* 28 U.S.C. §1447(c) and (e).

### 16. ERISA Cases

  The Court will hear motions to determine the standard of review and the scope of the administrative record. There will be a court trial (usually confined to oral argument) on the administrative record. Counsel filing motions for summary judgment or partial summary judgment on any other issue must distinguish *Kearney v. Standard Insurance Co.*, 175 F.3d 1084 (9th Cir. 1999) in the moving papers and explain why summary judgment is not precluded.

### 17. Bankruptcy Appeals

  Counsel shall comply with the NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT issued at the time the appeal is filed in the District Court. The matter is considered submitted on the filing of the appellant's reply brief. No oral argument is held unless otherwise ordered by the Court.

### 18. Communications with Chambers

  Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other *ex parte* means. Counsel may contact the **courtroom deputy clerk** with **appropriate** inquiries. To facilitate communication with the

courtroom deputy clerk, counsel should list their facsimile transmission numbers along with their telephone numbers on all papers.

### 19. Courtesy Copies

A conformed courtesy copy of all documents filed or lodged with the Court shall be delivered to the courtesy box outside the entrance to Judge Fischer's Chambers. For security reasons, documents should be removed from envelopes.

### 20. Compliance with Local Rules and Standing Orders

At all stages of the proceedings, the parties and counsel are expected to comply with the Local Rules and this Court's standing orders. Before the scheduling conference counsel shall review the Central District's Civility and Professionalism Guidelines, which shall be the standard of conduct to which they will be expected to adhere.

**Caveat:** If counsel fail to file the required Joint Rule 26(f) Report, or the required pre-trial documents, or if counsel fail to appear at the scheduling conference, the pre-trial conference or any other proceeding scheduled by the Court, and such failure is not satisfactorily explained to the Court; (a) the cause shall stand dismissed for failure to prosecute, if such failure occurs on the part of the plaintiff; (b) default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the Court may take such action as it deems appropriate.

Dated: 3-5-04

DALE S. FISCHER
United States District Judge